Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 5120 | DATE | 10/2/2012 |
| CASE TITLE | Ken Byrd vs. Cottrell, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's request to remand is granted. The case is remanded to the Circuit Court of Cook County. Plaintiff's motion to supplement [21] is denied as moot.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

    Defendant Cottrell, Inc., a maker of trailers, removed this personal injury case from the Circuit Court of Cook County, invoking diversity jurisdiction. Plaintiff Ken Byrd asks that this Court remand the case to state court, because both he and Cottrell's co-defendant, Empire Truck Sales, are citizens of Mississippi. The complaint names Empire Truck Sales as an "LLC," that is, a limited liability company (whose citizenship would be determined by its members' citizenship), whereas Cottrell alleges that Empire Truck Sales is an "Inc.," that is, a corporation (whose citizenship would be determined by its state of incorporation and the location of its principal place of business). Regardless of the correct organizational form, both parties agree that Empire Truck is at least Mississippi citizen.

    The lack of complete diversity normally does require remand, but Cottrell argues that Empire Truck Sales was "fraudulently joined," a term of procedural art that means Empire Truck's citizenship should be disregarded because there is no reasonable possibility of Byrd asserting a valid cause of action against the non-diverse defendant. *Poulos v. Naas Foods*, 959 F.2d 69, 73 (7th Cir. 1992). After reviewing the parties' submissions, the Court grants the motion to remand because Cottrell has not met its "heavy burden," *Poulos*, 959 F.2d at 73, to show fraudulent joinder. In evaluating a fraudulent joinder argument, the issue presented is as follows:

    The defendant must show that, *after resolving all issues of fact and law in favor of the plaintiff*, the plaintiff cannot establish a cause of action against the in-state defendant. .

| STATEMENT |
|---|

> . . . At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?

*Poulos*, 959 F.2d at 73 (part of emphasis added) (quoted by *Steel v. Ford Motor Co.*, 2011 WL 1485380, at *3 (N.D. Ill. April 19, 2011)). The standard's formulation demonstrates why the burden on the defendant is "heavy": all factual and legal issues must be resolved in the plaintiff's favor when deciding whether a non-diverse defendant has been fraudulently joined.

Here, in the complaint, Byrd alleges that Empire Truck sold the trailer from which Byrd fell, and was negligent in doing so by, among other things, failing to equip the trailer in certain ways and post warnings on the trailer. Compl. ¶¶ 6, 10. If the Court assumes, as it must, that legal and factual issues are resolved in Byrd's favor, then Byrd does have a reasonable possibility of prevailing against Empire Truck. It is true that Cottrell offers evidence that Empire Truck is not liable, but in effect Cottrell is asking this Court to not just make a prediction about Empire Truck's liability, but to *definitively* decide it in the first instance, even before Byrd has had a chance to fully engage in discovery and litigate the issue in state court. This case's procedural posture distinguishes it from other cases where the plaintiff either lost or dismissed the non-diverse defendant in the state-court case, and *thereafter* the diverse defendant removed the case. *Poulos*, 959 F.2d at 74 (non-diverse defendant won summary judgment in Wisconsin state court, thereafter remaining defendant removed); *Steel*, 2011 WL 1485380, at *1 (non-diverse defendant dismiss in Illinois state court, thereafter remaining defendant removed). To be sure, there might be some cases where no state-court litigation is needed to predict that there is no reasonable possibility of success against the non-diverse defendant, but this is not one of them.

Plaintiff's request to remand is granted. The case is remanded to the Circuit Court of Cook County. Plaintiff's motion to supplement [21] is denied as moot.